UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO SANCHEZ GUITERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-01477-DAD-SCR (HC)<br><br>ORDER DENYING MOTION TO ENFORCE JUDGMENT<br><br>(Doc. No. 16) |

This matter is before the court on petitioner's motion to enforce judgment. (Doc. No. 16.) For the reasons explained below, petitioner's motion will be denied.

On February 26, 2026, the court issued an order converting petitioner's motion for temporary restraining order into a motion for preliminary injunction and requiring respondents to provide petitioner with a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). (Doc. No. 11.) On March 12, 2026, petitioner received a bond hearing at which the IJ denied release on bond. (Doc. No. 16-2 at 5.) In the written order following the hearing, the IJ stated that the district court's order directing respondents to provide petitioner with a bond hearing was "silent as to who bears the burden in the court-mandated bond proceeding." (*Id.* at 4.) Nonetheless, the order states that, "in an abundance of caution," the IJ placed the burden on the government to establish by clear and convincing evidence that petitioner is either a danger or

1

flight risk (*Id.* at 5.)  The IJ concluded that the government had shown by clear and convincing evidence that petitioner was "such a significant risk that bond should be denied altogether." (*Id.*) Petitioner reserved the right to appeal the IJ's decision, and the deadline for petitioner to pursue an appeal was April 13, 2026.  (*Id.* at 6.)

On May 1, 2026, petitioner, proceeding through counsel, filed a motion to enforce judgment seeking his immediate release from Immigration and Customs Enforcement ("ICE") custody.  (Doc. No. 16.)  Therein, petitioner argues that the immigration judge ("IJ") who presided over petitioner's bond hearing failed to consider certain evidence regarding flight risk and, despite what the written order states, applied the incorrect standard and actually failed to require the government to establish by clear and convincing evidence that petitioner is either a danger or flight risk.  (*Id.* at 2–5.)

On May 6, 2026, respondents filed an opposition to the pending motion.  (Doc. No. 19.) Therein, respondents indicate that petitioner failed to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"), petitioner's challenges to the IJ's reasoning should have been presented to the BIA, and petitioner is not entitled to a bond hearing where the government bears the burden of establishing danger or flight risk by clear and convincing evidence.  (Doc. No. 19 at 2–5.)  On May 8, 2026, petitioner filed a reply wherein he reiterates that the bond hearing provided failed to comply with the court's order granting a preliminary injunction and further argues that any administrative exhaustion requirement should be waived under the circumstances of this case. (Doc. No. 20 at 2–4.)

Here, petitioner has failed to offer any explanation as to why he reserved the right to appeal the IJ's decision but failed to do so.  The court is not persuaded that exhaustion should be waived under these circumstances.  *See Martinez v. Murray*, No. 19-cv-04632-SVK, 2019 WL 13204225, at *4 (N.D. Cal. Nov. 12, 2019) (declining to waive the administrative exhaustion requirement where the petitioner was granted a bond hearing and failed to present evidence or an explanation for failing to appeal the bond decision to the BIA).  Further, even if petitioner did pursue the administrative appeal process, in the undersigned's view petitioner's motion presents a challenge to the IJ's factual findings and application of the correct legal standard.  This provides

2

an alternative basis to require petitioner to exhaustion administrative remedies before returning to this court. *See Fernandez Vasquez v. Cruz*, No. 1:26-cv-00476-DAD-EFB, 2026 WL 252055, at *2–4 (E.D. Cal. Jan. 30, 2026).[1]

Accordingly,

1.      Petitioner's motion to enforce judgment (Doc. No. 16) is DENIED; and

2.      The petition for writ of *habeas corpus* (Doc. No. 1) is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 13, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1]  The court notes that in ordering a bond hearing pursuant to 8 U.S.C. § 1226(a), it did not place the burden on the government. This is because the March 12, 2026 hearing was petitioner's first bond hearing, and the Ninth Circuit has held that the burden is on the petitioner at an initial bond hearings pursuant to § 1226(a). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022). Thus, because the IJ placed the burden on the government, it appears that petitioner was arguably provided a hearing under a more favorable allocation of the burden of proof than he was entitled to. Further, even if exhaustion were not waived, the court would be unable to reach the merits of petitioner's motion because no transcript or recording of the bond hearing was filed in support of the pending motion.

3